DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ASEEM PADUKONE (CABN 298812)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6401
FAX: (415) 436-7234
Aseem.Padukone@usdoj.gov

Attorneys for United States of America

FILED
FEB 25 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 05-000167-008 WHA |
| Plaintiff, | [~~PROPOSED~~] DETENTION ORDER |
| v. | |
| DORNELL ELLIS, | |
| Defendant. | |

On February 15, 2020 the United States Probation Department filed an Amended Petition for Warrant for Person Under Supervision with respect to Dornell Ellis. Ellis is alleged to have committed three violations of the terms of his supervised release: (1) committing a state crime (domestic battery); (2) committing a state crime (assault with a deadly weapon); and (3) failing to report to his probation officer.

This matter came before the Court on February 20, 2020 for a detention hearing. The defendant was present and in custody and represented by Attorney Mark Goldrosen. Assistant United States Attorney Aseem Padukone appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Pursuant to Fed. R. Crim. P. 32.1(a)(6), it is defendant's burden to show by clear and convincing

evidence that he will not flee or pose a danger to the community. Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds that the defendant failed to show by clear and convincing evidence that any condition or combination of conditions will reasonably assure the safety of the community. Accordingly, the defendant must be detained pending the resolution of the Form 12 proceeding.

As noted on the record, the Court makes the following findings as the bases for its conclusion: Due to the seriousness of the defendant's alleged supervised release violations and his past criminal history, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required or the safety of the community. This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a)(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: 2/21/20

HON. JOSEPH C. SPERO
United States Magistrate Judge

